**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 24-6836**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

CURTIS SHAWN BROOKS,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Loretta C. Biggs, Senior District Judge.  (1:19-cr-00393-LCB-1; 1:21-cv-00489-LCB-JLW)

Submitted:  June 24, 2025                                        Decided:  July 23, 2025

Before WYNN and BENJAMIN, Circuit Judges, and KEENAN, Senior Circuit Judge.

Vacated and remanded by unpublished per curiam opinion.

Curtis Shawn Brooks, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Curtis Shawn Brooks appeals the district court's judgment denying relief on his 28 U.S.C. § 2255 motion. The final order in a § 2255 proceeding is not appealable unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1)(B). Here, because Brooks filed timely and sufficiently specific objections to the magistrate judge's report and recommendation, and because the record does not establish that the district court conducted a de novo review of the magistrate judge's report, we grant a certificate of appealability, vacate the district court's judgment, and remand for further proceedings.

The district court must "make a de novo determination of those portions of the [magistrate judge's] report . . . or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). To receive de novo review of a magistrate judge's recommendation and preserve appellate review of the substance of that recommendation, a party must file timely, specific objections to the magistrate judge's report. *Elijah v. Dunbar*, 66 F.4th 454, 459-60 (4th Cir. 2023); *Martin v. Duffy*, 858 F.3d 239, 245 (4th Cir. 2017). To qualify as timely, a party's objections generally must be filed within 14 days of service of the magistrate judge's report. 28 U.S.C. § 636(b)(1). To qualify as specific, a party's objections to a magistrate judge's recommendations must "reasonably . . . alert the district court of the true ground for the objection." *Elijah*, 66 F.4th at 460 (internal quotation marks omitted). We review the timeliness and specificity of a party's objections de novo. *Id.* at 461. A district court's failure to apply the proper de novo standard of review warrants vacatur and remand. *See United States v. De Leon-Ramirez*, 925 F.3d 177, 181 (4th Cir. 2019).

2

Our review of the record reveals that Brooks submitted timely and specific objections that challenged multiple of the magistrate judge's findings regarding Brooks's ineffective assistance of counsel claims, including those raised in his motions to amend his § 2255 motion. As such, the district court was required to review de novo the portions of the magistrate judge's report to which those objections were made. *Elijah*, 66 F.4th at 459; *De Leon-Ramirez*, 925 F.3d at 181. The district court's judgment denying Brooks's § 2255 motion refers to an order "filed contemporaneously" with the judgment, but that order does not appear in the record or on the district court's docket; thus, the record does not establish that the court conducted the requisite de novo review.

We therefore deny Brooks's motion for § 2255 relief that he filed in this Court, grant a certificate of appealability, vacate the district court's judgment, and remand with instructions for the court to review de novo the portion of the report and recommendation to which objections were made. In doing so, we express no opinion on the merits of the objections, only that they were timely and specific and thus required the district court to engage in de novo review.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*VACATED AND REMANDED*